UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x
CHARLES C. WILLIAMS,                                    :
                                                        :
                            Plaintiff,                  :
                                                        :
            v.                                          :        24-cv-1336 (SFR)
                                                        :
CITY OF HARTFORD, ET AL.,                               :
                                                        :
                            Defendants.                 :
------------------------------------------------------------------- x

## MEMORANDUM & ORDER

Before the Court is Defendants' Motion for Reconsideration, ECF No. 50, of the Memorandum and Order ("Opinion") denying Defendant's Motion to Dismiss, ECF No. 49. For the reasons stated below, the Motion for Reconsideration is granted in part and denied in part, and I decline to alter the holding of the Opinion.

## I.      FACTS AND PROCEDURAL HISTORY

I assume familiarity with the facts of this case and will address only the facts and procedural history relevant to the Motion for Reconsideration.

On August 20, 2024, Williams filed a Complaint alleging, *inter alia*, that several Hartford Police officers improperly suppressed exculpatory evidence during Williams' criminal trial, namely a sworn statement from the complainant and a police report, in violation of Williams' due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). Compl., ECF No. 1. The Complaint named two sets of Defendants: the City of Hartford ("City") and the Individual Defendants, all of whom were public safety personnel in the Hartford Police and Fire Departments.

1

The City filed a Motion to Dismiss the original Complaint. ECF No. 29. While recognizing that police officers can be liable for *Brady* violations under § 1983 when they withhold exculpatory evidence from prosecutors, the City argued that it could not be liable to the extent that Williams asserted that officers failed to provide exculpatory materials directly to him or his counsel. *Id.* at 20-21.

On February 7, 2025, Williams filed an Amended Complaint clarifying that certain officers improperly withheld exculpatory evidence by failing to provide materials to the prosecutor.[1] Am. Compl., ECF No. 30. In particular, the Amended Complaint alleges that two documents were not "handed over to prosecutors in the State's Attorney's Office, let alone Plaintiff and his attorneys." *Id.* ¶ 61; *see also id.* ¶ 62 (alleging that the documents were "never provided to prosecutors or the defense"). Thereafter, the City filed a Supplemental Memorandum in Support of its Motion to Dismiss, addressing the Amended Complaint, ECF No. 33, and Individual Defendants moved to dismiss the Amended Complaint, ECF No. 34.

At oral argument on the Motions to Dismiss on January 22, 2026, counsel for the Individual Defendants stated:

> I will state that given your Honor's questioning of [the City's attorney] concerning the amendment of the complaint to include a failure to disclose to the state prosecutor's office the alleged exculpatory material, it likely cures that defect and we will probably need to address that by way of summary judgment later on down the line.

ECF No. 56, at 25.

---

[1] The "factual allegations" section of Williams' original Complaint alleged that officers never provided this exculpatory evidence to Williams or his attorney and did not mention a failure to provide the materials to prosecutors. Compl. ¶¶ 57-58. However, Counts 1 and 2 of the original Complaint stated that the evidence was never turned over to "the State's Attorney or the Connecticut Superior Court or to the Plaintiff during his criminal proceedings." *See id.* at 12-13.

On February 5, I granted in part and denied in part the Motions to Dismiss. ECF No. 49. On the issue of qualified immunity for the alleged *Brady* violations, I noted:

> At oral argument, counsel for the Individual Defendants conceded that they were abandoning their qualified immunity claims with respect to Counts 1, 2, and 3 at this stage of the proceedings, after Williams amended his Complaint to allege that the Individual Defendants failed to share exculpatory information with the prosecutor.

ECF No. 49, at 7 n.4. Because I understood the Individual Defendants to have conceded that Williams had pleaded sufficient facts for the *Brady* violations alleged in Counts 1, 2, and 3 to proceed to the summary judgment stage, I provided no additional consideration of either the City's or the Individual Defendant's arguments on this point.

On February 11, 2026, Defendants filed the instant Motion for Reconsideration of the Opinion. ECF No. 50. In the Motion for Reconsideration, Defendants assert the same arguments they made in the Motions to Dismiss: namely, that the Individual Defendants are entitled to qualified immunity to the extent Williams faults them for failing to provide exculpatory evidence directly to him as "it was not clearly established at the time of the challenged conduct in 2014, that the Individual Defendants were required to disclose to Plaintiff and his counsel, rather than to prosecutors or the court." ECF 50-1, at 3. Defendants further argue:

> Individual Defendants did not concede [at oral argument] that qualified immunity did *not* bar the Plaintiff's claims that are based upon the theory that *Brady* material was improperly withheld from the plaintiff and his defense counsel. Rather, at argument counsel conceded that by adding the allegation that the Defendants failed to turn over alleged *Brady* material *to the prosecutors* that plaintiff had stated a cause of action, and the individual Defendants would not pursue their Motion to Dismiss Counts 1, 2 and 3 on that basis.

*Id.* at 4-5 (emphasis in original).

3

Thereafter, I convened a status conference with the parties on June 1, 2026. At the conference, Williams' counsel confirmed on the record that Williams is pursuing *Brady* claims based on the alleged failure of Individual Defendants to provide exculpatory material to *the prosecutors*. Counsel confirmed that Williams is not pursuing any claim based on an alleged failure by Individual Defendants to provide exculpatory materials directly to Williams or his defense counsel.

## II.    LEGAL STANDARD

Local Rule of Civil Procedure 7(c) permits a party to file a motion for reconsideration within seven days of the filing of the decision from which the party seeks relief. D. Conn. Local R. Civ. P. 7(c). The Second Circuit has repeatedly held that "[t]he standard for granting . . . a motion [for reconsideration] is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "will generally be denied unless the [movant] can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* Courts have granted motions for reconsideration in limited circumstances, including: (1) where there has been an "intervening change of controlling law"; (2) where new evidence has become available; or (3) where there is a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surv.s, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive

4

arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

## III.    DISCUSSION

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016).

Defendants do not argue in their Motion for Reconsideration that Counts 1, 2 and 3 should have been dismissed in their entirety. Rather, Defendants instead ask me to

> reconsider [my] Decision and clarify that the claims set forth in Counts 1, 2 or 3 based solely on the allegations of failing to disclose to the prosecutors or the court are the only claims that may proceed, and that the remainder of the claims based on a failure to disclose to the plaintiff and his counsel are dismissed under the theory of qualified immunity.

ECF No. 50-1, at 5.

As confirmed at the status conference, Williams is not advancing a *Brady* claim based on an alleged failure of any Individual Defendant to provide exculpatory material to Williams or his counsel.[2] To the extent that the Motion for Reconsideration explains that Individual Defendants did not intend to abandon an argument on this point at oral argument and seeks this clarification on the scope of Williams' claims, the Motion is granted.

---

[2] Of course, had Individual Defendants provided the exculpatory materials directly to Williams or his counsel, the information would not have been suppressed in violation of *Brady* and Williams could have made use of it at trial. However, this point is not relevant to whether police officers had a duty to provide this information directly to Williams or his counsel.

Nonetheless, Williams' *Brady* claims are sufficient to overcome qualified immunity at this motion-to-dismiss stage because the Amended Complaint alleges that certain Individual Defendants failed to share exculpatory information with prosecutors during Williams' criminal trial. *See* Am. Compl. ¶¶ 61-62, 71, 76, 83. To the extent that Defendants' Motion asks me to alter the Opinion's holding denying the motion to dismiss Counts 1, 2, and 3—or to effectively strike parts of the Amended Complaint—I decline to do so.

## IV.    CONCLUSION

The Motion for Reconsideration, ECF No. 50, is therefore granted in part and denied in part.

**SO ORDERED.**

New Haven, Connecticut
June 17, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge

6